## CIRCUIT COURT OF THE CITY OF RICHMOND

Thorsen, Page & Marchant

v.

Virginia Employment
Commission

August 18, 1997

Case No. HH-640-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, a partnership (petitioner) in the practice of law has filed a Petition for Appeal seeking judicial review of the May 10, 1996, determination of the Virginia Employment Commission. The Commission found that petitioner was a new employer and not a successor to the predecessor professional corporation for the purposes of determining petitioner's unemployment compensation tax rate pursuant to the Virginia Unemployment Compensation Act. The effect of the determination is that petitioner is to be treated as an "employer newly subject to this title," (Title 60.2) and, as such, petitioner is subject to the new employer tax rate. A finding that petitioner was a successor employer would have entitled petitioner to the experience-based tax rate then being applied to the predecessor employer. *See* Va. Code Ann. § 60.2-535 (Michie 1992).

This court's review of a Commission decision is limited to questions of law, and Commissioner's findings of fact, if supported by the evidence and in the absence of fraud, are conclusive. Va. Code Ann. § 60.2-500(B)(1). Petitioner has neither disputed the Commissioner's factual findings nor claimed fraud. The Commissioner's findings of fact, which are supported by the evidence and accepted as conclusive, are as follows:

James B. Thorsen is an attorney duly licensed to practice law in the Commonwealth of Virginia. Prior to 1983, he practiced law in partnership with Thomas Jones. In 1983, Mr. Thorsen formed a

professional corporation known as James B. Thorsen, P.C. He continued in his partnership with Mr. Jones until the latter was elevated to the bench in 1985. Effective October 1, 1985, Eric M. Page joined Mr. Thorsen and they practiced law together and held themselves out as a partnership. Mr. Page had also incorporated his practice as a professional corporation.

There was no formal written partnership agreement between Mr. Thorsen and Mr. Page. Each of them maintained a separate fee account into which they deposited fees from their respective clients. They shared a common escrow account and a general office account. Each of them contributed to the office account to defray their business expenses. They never had a "common pot" into which fees from their clients were deposited and expenses paid. Mr. Thorsen had a VEC account set up under the name of his professional corporation. He reported to the Commission the wages and salaries paid to the employees of Thorsen & Page. He also reported his own salary.

In June or July, 1991, W. Reilly Marchant joined the firm. Mr. Marchant had also incorporated his practice as a professional corporation. With the addition of Mr. Marchant, the law firm known as Thorsen, Page & Marchant was formed as a partnership of professional corporations.

On or about January 1, 1992, the petitioner moved its offices from 320 West Broad Street to 316 West Broad Street in Richmond, Virginia. The petitioner operated in largely the same way as the firm of Thorsen & Page had done, with several exceptions. First, Thorsen, Page & Marchant began reporting the salaries of the office staff under its name. Mr. Thorsen reported his own salary under the account set up as James B. Thorsen, P.C. Second, the Petitioner acquired from Thorsen & Page an inventory of office supplies. In addition, Thorsen, Page & Marchant took over leases for a copier and postage stamp meter. Each of the three principal attorneys maintained their separate fee accounts and there was no sharing of those fees whatsoever. Each attorney paid his share of the office expenses into the general office account that was maintained under the name of the petitioner.

At the time Mr. Marchant joined the firm, Mr. Thorsen owned most of the office furniture since he had been engaged in the practice longer. Each attorney kept the office furniture they owned, and Mr. Thorsen filed personal property tax returns with the City of Richmond for his personal property.

The books in the library, which were valued at approximately $1,500, were owned by Mr. Thorsen and Mr. Page. The library was not acquired by Thorsen, Page & Marchant, but remained the property of Mr. Thorsen and Mr. Page.

Virginia Employment Commission, Liability Decision No. L-379, pp. 1-2 (May 10, 1996).

Petitioner claims that "it did at least partially acquire the organization, trade, separate establishment or business, or substantially all of the assets of James B. Thorsen, P.C. ... ." Petition for Appeal, ¶ 2. Petitioner calls the court's attention to the fact that former employees, inventory, leases, and other assets of James B. Thorsen, P.C., were taken into and made a part of Thorsen, Page & Marchant. As such, petitioner asserts that it is entitled to the experience rating of the professional corporation.

The Virginia Code provides in pertinent part:

Whenever any employing unit in any manner succeeds to or acquires the organization, trade, separate establishment or business, or substantially all of the assets thereof, of another, which at the time of acquisition was an employer subject to this title, the succeeding or acquiring unit shall be assigned the experience record of the predecessor. Such record shall be deemed the experience record of the successor ... . When a successor acquires an employing unit by partial acquisition, the succeeding employer shall provide ... information relating to the division of taxable payroll for partial acquisitions.

Va. Code Ann. § 60.2-535 (Michie 1992).

Based on the Commission's findings of fact, petitioner has not succeeded to or acquired the predecessor professional corporation within the meaning of the statute. Under the statute, petitioner is considered a successor employer if it either acquired or succeeded to the organization, trade, separate establishment or business of the former partnership, or petitioner acquired or succeeded to substantially all of the assets or partially acquired assets thereof. Va. Code Ann. § 60.2-535 (Michie 1992). In the instant case, Mr. Thorsen kept the predecessor professional corporation, his independent law practice, even after the formation of the partnership. He received the full benefit of fees paid to him by his clients. His only obligation to the firm was to pay his share of the office expenses. Mr. Thorsen paid his own salary through the professional corporation and reported that salary to the Commission on a quarterly basis. Furthermore, he retained all of his business property,

including furniture and library books. Mr. Thorsen's retention of an on-going viable business prevents a conclusion that substantially all of the assets of James B. Thorsen, P.C., were acquired by the petitioner in total acquisition. Therefore, if any acquisition occurred, it could only have been a partial acquisition.

The provisions of the Act with respect to a partial acquisition are not defined therein. In the absence of reported appellate decisions interpreting this provision, the Court must look to decisions of the Commission.

The Commission initially interpreted a partial acquisition as occurring when (1) the subject of the acquisition is a separate and distinct business establishment or business operation to the extent that the predecessor maintains two or more separate locations of business, one or more of which is the target of the acquisition; and (2) the business operation to be acquired is clearly definable and segregable to the extent that a payroll is maintained or can be readily determined, based on the business activities of the employees. *Dominion Trust Co. v. Virginia Employment Commission*, Commission Decision No. L-121, p. 4 (April 12, 1984).

Subsequent Commission decisions have modified the first factor articulated in *Dominion Trust*, namely that unless there are at least two separate establishments of a predecessor, there can never be a partial acquisition. In *Formex, Inc., t/a Formex Permanent Steel Forms v. Virginia Employment Commission*, Commission Liability Decision No. L-241 (April 12, 1989), the predecessor consisted of two different business operations being conducted in two adjoining buildings. The Commission found that a partial acquisition did not require that there be separate business establishments if the petitioner could establish that the successor acquired the separate business of a predecessor. Thus, in determining what constitutes a partial acquisition, the Commission considers the separate nature of the business:

> [Prior Commission decisions] stated that two factors govern whether a partial acquisition existed. First, there had to be at least two separate and distinct physical locations of the business, and secondly, there had to be a payroll capable of division. Unfortunately, this may have caused some misconception since the analysis did not fully take into account the language of § 60.2-535 [formerly § 60.1-88.01] of the Code which clearly refers to a "separate" establishment or business. What this means is that it is not necessary that there be separate establishments if it can be shown that a successor acquired the separate business of a predecessor.

*Id.* at 4.

As such, in determining whether the petitioner partially acquired the predecessor, the question becomes whether petitioner acquired the "separate business" of the predecessor. Based on the Commission's findings of fact, Petitioner has failed to show that the portions of the professional corporation which were acquired by the partnership (the staff, the leases, and the office supplies) were a separate part of the professional corporation. The professional corporation was not two or more separate businesses working as part of one entity. Rather, it was a law practice, and it continues to be so. The partnership acquired some assets from the professional corporation, it did not acquire an entire business, a divisible part of the corporation. Therefore, petitioner did not partially acquire the predecessor within the meaning of the Act.

For the reasons stated herein, the Court finds the Commission's decision to be support by the evidence and applicable law. The petitioner shall receive a new employer rating for purposes of determining its unemployment compensation tax rate pursuant to the Act.